# Exhibit A

PAUL BECKA and YVONNE BECKA,      :   IN THE COURT OF COMMON PLEAS OF
his wife,                         :   WASHINGTON COUNTY, PENNSYLVANIA
                                  :
              Plaintiffs,         :       CIVIL DIVISION - LAW
                                  :
         vs.                      :
                                  :
ANTERO RESOURCES, a/k/a ANTERO    :
RESOURCES APPALACHAIN CORP,       :
a/k/a ANTERO RESOURCES            :
APPALACIA, LLC,                   :
                                  :
              Defendant.          :   No. 4812 of 2011 G.D.

*FILED*

*JUL 18 2011*

*DR. MATHENY*
*PROTHONOTARY*

## NOTICE

     You have been sued in Court.  If you wish to defend against
the claims set forth in the following pages, you must take
action within twenty (20) days after this Complaint and notice
are served by entering a written appearance personally or by
attorney and filing in writing with the Court your defenses or
objections to the claims set forth against you.  You are warned
that if you fail to do so, the case may proceed without you and
a judgment may be entered against you by the Court without
further notice for any money claimed in the Complaint or for any
other claim or relief requested by the plaintiff.  You may lose
money or property or other rights important to you.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU
DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE
THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL
HELP.

              SOUTHWESTERN PENNSYLVANIA LEGAL AID SERVICES
              10 W. CHERRY STREET
              WASHINGTON, PA  15301

              LAWYER REFERRAL SERVICE
              WASHINGTON COUNTY BAR ASSOCIATION
              119 S. COLLEGE STREET
              WASHINGTON, PA  15301

```
PAUL BECKA and YVONNE BECKA,   :  IN THE COURT OF COMMON PLEAS OF
his wife,                      :  WASHINGTON COUNTY, PENNSYLVANIA
                               :
              Plaintiffs,      :       CIVIL DIVISION - LAW
                               :
              vs.              :
                               :
ANTERO RESOURCES, a/k/a ANTERO :
RESOURCES APPALACHAIN CORP,    :
a/k/a ANTERO RESOURCES         :
APPALACIA, LLC,                :
                               :
              Defendant.       :  No. _____ of 2011 G.D.
```

## COMPLAINT

AND NOW, comes the Plaintiffs, Paul Becka and Yvonne Becka, his wife, and aver as follows:

1.    The Plaintiffs, Paul Becka and Yvonne Becka, his wife, are adult individuals who reside at 147 South California Drive, Coal Center, Washington County, Pennsylvania 15423.

2.    The Defendant, Antero Resources, a/k/a Antero Resources Appalachian Corp, a/k/a Antero Resources Appalachia, LLC, is a duly organized business corporation maintaining a place for the conduct of business at 1625 17th Street, Denver, Colorado  80282 (hereinafter collectively referred to as "Defendants" or "ANTERO").

3.    Antero regularly conducts business in Washington County; the county where this cause of action arose or where transactions took place out of which this cause of

action arose, was Washington County, Pennsylvania, and the property which is the subject matter of this action is located in Washington County, Pennsylvania.

4.    At all times relevant hereto, Antero acted through its employees, servants, representatives and agents or contractors who acted within the course and scope of their employment or authority.

5.    Antero is a public corporation engaged in the drilling, production and leasing of oil and gas and their constituents from leased tracts of land.

6.    Antero holds itself out as an expert in the drilling and fracturing of that layer of shale known as the "Marcellus Formation" for production of oil, gas and their constituents.

7.    The Plaintiffs, Paul Becka and Yvonne Becka, his wife, are the owners of a certain tract of real estate situate in Washington County, whereon they have at all relevant times hereto made their home and primary place of residence.

8.    In early 2010, Antero commenced activities in regard to the drilling and production of oil and gas on a property known as the Hopkins Pad, which property was within 580 feet of each Plaintiffs' well water supply.

9.    At all times mentioned herein, Defendant engaged in drilling activities and owned and operated gas wells

known as the Hill Unit 1H-4H in West Pike Run Township,
Washington County, Pennsylvania, wherein Plaintiffs owned
property and reside.

10. Defendant solicited Plaintiffs to enter into a
gas lease, however, Plaintiffs declined to do so, however,
contrary, to Plaintiffs' wishes, the Defendant engaged in the
drilling and extracting processes herein set forth all to
Plaintiffs' great detriment and damage.

11. Plaintiffs believe and therefore aver that the
Defendant has removed and destroyed Plaintiffs' natural
resources and have otherwise engaged in conduct which
constitutes a trespass on Plaintiffs property and oil, gas and
mineral resources.

12. At all times relevant hereto, in the process
of extracting natural gas from the premises immediately adjacent
to Plaintiffs' property, the Defendant used dangerous
instrumentalities and methods and a drilling process, commonly
known as "hydraulic fracturing" which process requires, inter
alia, the discharge of enormous volumes of hydraulic fracturing
fluids into the ground under extreme pressure.

13. The fluid used and/or created in said process
includes hazardous chemicals that are carcinogenic and toxic.

14. Other materials, including but not limited to
diesel fuel, lubricating agents and surfactant and defoaming

agents, also consisting of hazardous chemicals, are utilized during drilling, well operations, servicing and/or other processes.

15.   Gas, oil and brine present naturally in the formations within the earth, are also dislodged and caused or migrate during the drilling and well operation process, all of which constitute contaminates to groundwater and hazards to Plaintiffs' health.

16.   The subject gas wells are located within approximately 580 feet of Plaintiffs/Beckas' water supply.

17.   The Plaintiffs are not serviced by any public water authority; prior to Defendant's wrongful conduct, the Plaintiffs relied on their ground water well for drinking, bathing, cooking, washing and other daily residential uses, and they continue to rely on their ground well water for bathing, washing and other daily residential uses.

18.   Plaintiffs believe and therefore aver that hazardous chemicals, carcinogens, and other substances were discharged, spilled or released into surface and subsurface water and Plaintiffs' ground water in amounts exceeding the Pennsylvania State Department of Environmental Protection's Water Quality Criteria.

19.   As a result of Defendant's acts and failure to act, Plaintiffs have suffered, as well as continue to suffer,

personal and property damage, some or all of which are
permanent, in the following particulars:

    a.   Fear that they have or will contract
       a cancer or other serious illnesses;

    b.   Fear that their health, strength and
       vitality have otherwise been
       deleteriously affected and weakened;

    c.   Increased medical expenses and medical
       care for the monitoring of the condition
       of their health;

    d.   Expenses for the testing and monitoring
       of the water quality;

    e.   Expenses for the testing and monitoring
       of contamination of their land;

    f.   Emotional distress and inconvenience;

    g.   Contamination and destruction of the
       water supply at their property;

    h.   Contamination of their soil, land and
       environment;

    i.   A decrease or destruction of the value
       of their real estate;

    j.   Loss of the enjoyment and use of their
       real estate; and

    k.   Other serious personal and economic losses.

## COUNT I - NEGLIGENCE

PAUL BECKA AND YVONNE BECKA, his wife
vs. ANTERO RESOURCES, A/K/A ANTERO RESOURCES
APPALACHIAN CORP, A/K/A ANTERO RESOURCES APPALACHIA, LLC

20. The averments of paragraphs 1 through and including 19 are incorporated herein by reference thereto same as though fully set forth at length below.

21. In the course of drilling, fracturing and otherwise undertaking of activities pursuant to that project known as "Hill Units 1H through 4H", the Defendants acted in a negligent, reckless and careless manner, generally and as follows:

    a. In using such chemicals, compounds, fluids and other matter by injecting same into the strata of the earth in such a fashion as to damage Plaintiffs' water supply;

    b. By using such chemicals, compounds, fluids and other foreign matter in such a fashion as to damage the soil and environment surrounding Plaintiffs' home;

    c. In injecting and permitting diesel fuel and other carcinogenic substances to spill onto the property surrounding Plaintiffs' home and contaminating the water supply to Plaintiffs' home;

    d. In failing to properly safeguard the ground water and spring water known as West Pike Run in the conduct of their activities;

    e. In failing to properly safeguard the Plaintiffs' property and Plaintiffs' environment from a motor oil seepage from the Hill Unit area;

    f. In failing to report or warn of the spills and release of motor oil and other substances into the environment;

g.  In failing to take adequate measures prior
    to drilling to ensure the protection of
    Plaintiffs' water supply and environment;

h.  In allowing diesel fuel and other pollutants to
    spill onto or travel to Plaintiffs' property,
    which resulted in the contamination of the
    ground, surface and water supplies;

i.  Drilling mud that had become contaminated
    and other contaminates were caused or allowed
    to be discharged into the erosion ditches near
    Plaintiffs' home and water well;

j.  A run-off has been allowed to occur and
    continues to occur from the well operation
    area through Plaintiffs' driveways and
    residence areas;

k.  In failing to properly comply with the laws
    of the Commonwealth of Pennsylvania,
    generally and specifically those laws known
    as the Oil and Gas Act; Oil and Gas
    Conservation Act; Clean Streams Act; and
    the Safe Water Drinking Act; including
    the following violations:

    k-1.  Violation of 25 Pa. Code §78.51 and
          25 Pa. Code §601.301(5), regarding
          Permit No. 125-23880, April 8, 2010;

    k-2.  Violation of the Oil and Gas Act, §78.54,
          May 7, 2010, Permit No. 125-23880;

    k-3.  Violation of the Storm Water Management
          Act, §301, May 7, 2010, Permit No.
          125-23880;

    k-4.  Violation of 25 Pa. Code §91.33(a), April
          1, 2010, Permit No. 125-23880;

    k-5.  Violation of §401 of the Clean Streams
          Law, April 1, 2010, Permit No. 125-
          23880;

    k-6.  Violation of 25 Pa. Code §78.56, April
          1, 2010, Permit No. 125-23880;

k-7.   Violation of Oil and Gas Act, Sections
       78.51 and 601.301(5), April 8, 2010,
       Permit No. 125-23848;

k-8.   Violation of the Clean Streams Law,
       §307, April 1, 2010, Permit No.
       125-23880;

k-9.   Violation of 25 Pa. Code §78.54,
       April 1, 2010, Permit No. 125-23880;

k-10.  April 29, 2010, Violation of 25 Pa. Code
       §78.57(a) and 78.54 and 78.60(3)(4)(5),
       Permit No. 125-23879; and

k-11.  Violation of §307 and 401 of the Clean
       Streams Law, April 1, 2010, Permit No.
       125-23879.

l.   Violating the Pennsylvania State laws, rules
     and regulations, including but not limited
     to the Pennsylvania Clean Streams Law, 35
     P.S. §§691.1 *et seq.*, the Pennsylvania Solid
     Waste Management Act, 35 P.S. §§601.101, *et
     seq.*, the Pennsylvania Oil and Gas Act, 58
     P.S. §§601.101, *et seq.*, the Pennsylvania
     Hazardous Sites Cleanup Act ("HSCA");

m.   In failing to establish, initiate or implement
     necessary safety measures for drilling and
     production of oil and gas or prevent damage
     to others;

n.   In failing to assign a sufficient number of
     qualified professionals to staff the involved
     project to prevent damages to others in the
     area of the project;

o.   In allowing drilling and production of oil
     and gas to proceed on the involved construction
     project without adequate monitoring;

p.   In failing to train or to adequately train
     workers with respect to proper policies and
     procedures on the involved project;

q.   In failing to instruct or to adequately

instruct workers with respect to proper
policies and procedures on the involved
project;

r.  In negligently selecting, retaining and
hiring a contractor in violation of
Restatement (Second) of Torts, Section
411 on the involved project;

s.  In negligently directing contractors in
violation of the rules set forth in
Section 410 of the Restatement (Second)
of the Law of Torts;

t.  In failing to manage or supervise employees,
workers or properly manage or supervise
the work being performed at the involved
oil and gas site;

u.  In failing to monitor or to properly monitor
the work being performed at the involved oil
and gas site;

v.  In failing to perform or to properly perform
its contractual undertaking and
responsibilities regarding protection of
Plaintiffs' properties and hazard
elimination from the involved oil and
gas project;

w.  In directing the performance of an act
which is intrinsically dangerous requiring
the highest degree of care or because of the
manner of the performance is prohibited by the
rules set forth in Section 297 of the
Restatement (Second) of the Law of Torts;

x.  In that these defendants are vicariously liable
for any failure of their contractors to take
special precautions for work which these
defendants should have recognized was likely
to create a peculiar risk of physical harm;

y.  In that these defendants are liable for their
contractor's failure to provide reasonable
precautions as to danger that these defendants
knew or should have known to be inherent in

the work provided in Section 427 of the Restatement (Second) of the Law of Torts;

z. In failing to perform or properly perform an undertaking to render services to another as required by Section 324A of the Restatement (Second) of Torts;

aa. In failing before commencement of the project to analyze or properly analyze the effects which would occur to the environment and nearby properties from the methods and instrumentalities used for oil and gas production;

bb. In failing to test or properly test the methods and instrumentalities used by them for production of oil and gas;

cc. In failing to require necessary and indicated controls and precautions for work which was ultrahazardous in nature;

dd. In failing to properly or adequately maintain the drilling pad, pit liner integrity, and the surrounding area, and the drilling facility and equipment; and

ee. In creating a condition on land which defendants realized involved an unreasonable risk of harm suffered by Plaintiffs in violation of §§367 and 370 of the Restatement (Second) of Torts.

22. As the direct and proximate result of the aforesaid negligence of defendant, the Plaintiffs' home, property and persons suffered the losses and damages plead at paragraph 19 above and due to the recklessness and callous disregard of Plaintiffs' personal and real property rights the defendant should be assessed punitive damages.

WHEREFORE, Plaintiffs each demand judgment against Defendant for an amount in excess of the mandatory arbitration limits and for compensatory and punitive damages.

JURY TRIAL DEMANDED.

COUNT II
ULTRAHAZARDOUS ACTIVITIES - ABSOLUTE LIABILITY

PAUL BECKA AND YVONNE BECKA, his wife vs.
ANTERO RESOURCES, A/K/A ANTERO RESOURCES
APPALACHIAN CORP, A/K/A ANTERO RESOURCES APPALACHIA, LLC

23.   The averments of paragraphs 1 through and including 22 are incorporated herein by reference thereto same as though fully set forth at length below.

24.   Defendant engaged in the use of instrumentalities, drilling processes and oil and gas production methods which includes use and/or exposure of carcinogens and hazardous chemicals and the release into the ground of huge volumes of fracturing fluids, under high pressure, which activities were ultrahazardous.

25.   Defendant was aware or should have been aware that its drilling and production of oil and gas and use of hydraulic fracturing was likely to cause harm or damage to Plaintiffs' persons or properties.

26.   Defendant, as one who caused an ultrahazardous activity, is absolutely liable to Plaintiffs as that activity did cause injury and damage to Plaintiffs as aforesaid in paragraph 19 of the Complaint.

WHEREFORE, Plaintiffs each demand judgment against defendant for an amount in excess of the mandatory arbitration limits for compensatory and punitive damages.

## COUNT III - TRESPASS

### PAUL BECKA AND YVONNE BECKA, his wife
### vs. ANTERO RESOURCES, A/K/A ANTERO RESOURCES
### APPALACHIAN CORP, A/K/A ANTERO RESOURCES APPALACHIA, LLC

27.   The averments of paragraphs 1 through and including 26 are incorporated herein by reference thereto same as though fully set forth at length below.

28.   Defendant has caused pollutants, industrial fluids, carcinogens and hazardous chemicals, mud and contaminants to come onto and enter upon and contaminate the property, land, and water supply of Plaintiffs.

29.   The trespass of defendants to the property of Plaintiffs has resulted in their losses and damages as aforesaid in paragraph 19 of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant for an amount in excess of the mandatory arbitration limits for compensatory and punitive damages.

JURY TRIAL DEMANDED.

### COUNT IV - TRESAPSS - MINERAL RESOURCES
### AND CONVERSION OF PROFITS

### PAUL BECKA AND YVONNE BECKA, his wife
### vs. ANTERO RESOURCES, A/K/A ANTERO RESOURCES
### APPALACHIAN CORP, A/K/A ANTERO RESOURCES APPALACHIA, LLC

30.    The averments of paragraphs 1 through and including 29 are incorporated herein by reference thereto same as though fully set forth at length below.

31.    Plaintiffs believe and therefore aver that the Defendants have removed and/or carried away Plaintiffs' natural resources, oil and gas contained within their land and have otherwise engaged in conduct which constitutes a trespass to Plaintiffs oil, gas and mineral resources.

32.    Defendant has and/or is removing without authorization those mineral resources of Plaintiffs and subsequently taking sole possession of same, selling those resources and converting the profits from the sale to Defendant's own use.

33.    As a result of which Plaintiffs have lost the oil and gas resources from their land and the profits from their sale.

34.    Defendant has removed the resources of Plaintiffs' property in callous disregard of the rights of

Plaintiffs to their property, as a result of which Defendant should be assessed punitive damages.

WHEREFORE, Plaintiffs demand judgment in an amount of compensatory and punitive damage in excess of the mandatory arbitration limits.

## COUNT V - INJUNCTIVE RELIEF

### PAUL BECKA AND YVONNE BECKA, his wife
### vs. ANTERO RESOURCES, A/K/A ANTERO RESOURCES APPALACHIAN CORP, A/K/A ANTERO RESOURCES APPALACHIA, LLC

35. The averments of paragraphs 1 through and including 34 are incorporated herein by reference thereto same as though fully set forth at length below.

36. The activity of defendant is ongoing and causes continuing losses and damages to the land and property of Plaintiffs and continually exposes Plaintiffs to harm.

37. The activity of defendant has caused and causes a nuisance to Plaintiffs and continually disturbs their quiet use and enjoyment of their property.

38. As a direct and proximate result of the acts and omissions hereinabove set forth, Plaintiffs seek, inter alia, a preliminary and permanent injunction barring Defendants from engaging in the acts complained of and requiring Defendants to abate the nuisances, unlawful conduct, violations and damages

created by them and further, an order requiring Defendants to pay compensatory damages, punitive damages, the cost of present and future testing and monitoring of the content and quality of the land and water supply, litigation fees and costs, and to provide any and all such further relief as this Honorable Court may deem appropriate.

WHEREFORE, Plaintiffs demand equitable relief as aforesaid against defendant.

Respectfully submitted,

Anne N. John, Esquire
Attorney for Plaintiff
96 East Main Street
Uniontown, PA   15401
Phone: (724) 438-8560
Pa. I.D. #38961

DATED: July 15, 2011

## VERIFIED STATEMENT

WE, PAUL BECKA and YVONNE BECKA, his wife, hereby verify that the statements set forth in the foregoing instrument are true and correct to the best of our knowledge, information and belief.

We understand that false statements made herein are subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

_____
Paul Becka

_____
Yvonne Becka

DATED:  ___7 – 12 – 11___