IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL BECKA and YVONNE BECKA, his wife, | : | Civil Action No. 2:11-cv-01040 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ANTERO RESOURCES, a/k/a ANTERO RESOURCES APPALACHAIN [sic] CORP, a/k/a ANTERO RESOURCES APPALACIA [sic], LLC, | : | |
| | : | |
| Defendant. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Antero Resources Appalachian Corporation ("Antero"), incorrectly named as Antero Resources a/k/a Antero Resources Appalachain [sic] Corp a/k/a Antero Resources Appalacia [sic], LLC, in the above-captioned action, by its undersigned counsel, files this Answer and Affirmative Defenses to the Complaint of Paul Becka and Yvonne Becka (collectively "the Beckas").

## First Defense

Antero answers each paragraph of the Beckas' Complaint as follows:

1.     After a reasonable investigation, Antero is without sufficient information to admit or deny the averments of paragraph 1, and, therefore, the averments are denied.

2.      Denied as stated.  Antero admits that Antero Resources Appalachian Corporation is a business corporation maintaining a place of business at 1625 17th Street, Denver, Colorado 80282.  By way of further response, Antero is the entity that conducted operations in Washington County.  With respect to the remaining averments in the Complaint, Antero responds only on behalf of Antero Resources Appalachian Corporation.

3.      Paragraph 3 states a conclusion of law to which no response is required. To the extent a response is required, the averments of paragraph 3 are admitted.

4.      Paragraph 4 states a conclusion of law to which no response is required. To the extent a response is required, the averments of paragraph 4 are denied because it cannot be determined what actions are referenced in paragraph 4.

5.      Denied as stated.  It is admitted only that Antero, which is not a public corporation, is engaged in activities relating to the exploration for and production of natural gas in Pennsylvania and West Virginia.

6.      Denied as stated.  It is admitted only that Antero is engaged in activities relating to the exploration for and production of natural gas in Pennsylvania and West Virginia.

7.      It is admitted upon information and belief that the Beckas own certain real estate in Washington County.  After a reasonable investigation, Antero is without sufficient information to admit or deny the remaining averments of paragraph 7, and, therefore, the averments are denied.

8.     Denied as stated.  It is admitted only that Antero conducted activities relating to the drilling of natural gas wells located on an area known as the Hopkins Pad in early 2010.  The averment regarding the distance of the Hopkins Pad to the Beckas' "well water supply" is denied because it is unclear what is meant by "well water supply."

9.     Denied as stated.  It is admitted only that Antero conducted activities relating to the drilling of natural gas wells that it owned and that were included in the Hill Unit located in West Pike Run Township, Washington County, Pennsylvania.  It is denied that Antero conducted activities relating to the drilling of well 4H in the Hill Unit, and it is denied that Antero conducted activities "at all times mentioned herein" because it is unclear what times are intended by this averment.  It is admitted upon information and belief that the Beckas own certain real estate in Washington County.  As to the averment regarding the Beckas' residence, after a reasonable investigation, Antero is without sufficient information to admit or deny the averment, and, therefore, the averment is denied.

10.     It is admitted that Antero sought to enter into an oil and gas lease with the Beckas, and the Beckas declined.  The remaining averments of paragraph 10 are denied.

11.     Denied.

12.     It is admitted only that Antero used a hydraulic fracturing process at certain times in the development of certain wells in the Hill Unit.  The remaining averments of paragraph 12 are denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied as stated.  The averments of paragraph 16 are denied because it is unclear what is meant by "water supply."

17.     It is denied that Antero engaged in any wrongful conduct.  As to the remaining averments in paragraph 17, after a reasonable investigation, Antero is without sufficient information to admit or deny the averments, and, therefore, the averments are denied.

18.     The averments of paragraph 18 state conclusions of law to which no response is required.  To the extent a response is required, the averments are denied.

19.     Denied.

### Count I – Negligence
### Beckas v. Antero

20.     Antero incorporates paragraphs 1 through 19 above as if fully set forth herein.

21.     The averments of paragraph 21 and subparagraphs (a) through (ee) state conclusions of law to which no response is required.  To the extent a response is required, the averments of paragraph 21 and subparagraphs (a) through (ee) are denied.

22.     The averments of paragraph 22 state conclusions of law to which no response is required.  To the extent a response is required, the averments of paragraph 22 are denied.

WHEREFORE, Antero demands judgment in its favor and against the Beckas, together with costs and such other relief as the Court deems just and proper.

### Count II – Ultrahazardous Activities – Absolute Liability
### Beckas v. Antero

23.     Antero incorporates paragraphs 1 through 22 above as if fully set forth herein.

24.     The averments of paragraph 24 state conclusions of law to which no response is required.  To the extent a response is required, the averments of paragraph 24 are denied.

25.     Denied.

26.     The averments of paragraph 26 state conclusions of law to which no response is required.  To the extent a response is required, the averments of paragraph 26 are denied.

WHEREFORE, Antero demands judgment in its favor and against the Beckas, together with costs and such other relief as the Court deems just and proper.

### Count III – Trespass
### Beckas v. Antero

27.     Antero incorporates paragraphs 1 through 26 above as if fully set forth herein.

28.     Denied.

29.     Denied.

WHEREFORE, Antero demands judgment in its favor and against the Beckas, together with costs and such other relief as the Court deems just and proper.

### Count IV – Trespass – Mineral Resources and Conversion of Profits
### Beckas v. Antero

30.     Antero incorporates paragraphs 1 through 29 above as if fully set forth herein.

31.     The averments of paragraph 31 state conclusions of law to which no response is required.  To the extent a response is required, the averments of paragraph 31 are denied.

32.     The averments of paragraph 32 state conclusions of law to which no response is required.  To the extent a response is required, the averments of paragraph 32 are denied.

33.     Denied.

34.     Denied.

WHEREFORE, Antero demands judgment in its favor and against the Beckas, together with costs and such other relief as the Court deems just and proper.

### Count V– Injunctive Relief
### Beckas v. Antero

35.     Antero incorporates paragraphs 1 through 34 above as if fully set forth herein.

36.     Denied.

37.     The averments of paragraph 37 state conclusions of law to which no response is required.  To the extent a response is required, the averments of paragraph 37 are denied.

38.     The averments of paragraph 38 state conclusions of law to which no response is required.  To the extent a response is required, it is admitted that the Beckas seek the relief listed in paragraph 38.  It is denied that the Beckas are entitled to any such relief.

WHEREFORE, Antero demands judgment in its favor and against the Beckas, together with costs and such other relief as the Court deems just and proper.

### Second Defense

39.     The Beckas fail to state a claim upon which relief may be granted.

### Third Defense

40.     The Beckas' claims are barred by the doctrines of waiver and/or estoppel.

### Fourth Defense

41.     The Beckas' claims are barred by the doctrine of unclean hands.

### Fifth Defense

42.     The Beckas' claims are barred by their failure to mitigate any alleged damages.

### Sixth Defense

43.     The Beckas' claims are barred by the doctrines of contributory negligence and/or comparative negligence.

**Seventh Defense**

44.     The Beckas' claims are barred by the Rule of Capture.

**Eighth Defense**

45.     The Beckas' claims are barred because Antero has complied with its obligations under applicable local, state and federal laws and regulations.

**Ninth Defense**

46.     The Beckas' alleged damages were caused by the acts or omissions of third parties or other events or causes other than Antero and for whom or for which Antero is not responsible.

**Tenth Defense**

47.     The Beckas' claims based on fear of future illness and/or medical monitoring fail to state claims upon which relief may be granted.

**Eleventh Defense**

48.     The Beckas are not entitled to punitive damages.

**Twelfth Defense**

49.     The Beckas are not entitled to attorneys' fees.

**Thirteenth Defense**

50.     Antero reserves the right to assert additional affirmative defenses that may become known to it through discovery or otherwise.

WHEREFORE, Antero demands judgment in its favor and against the Beckas,
together with costs and such other relief as the Court deems just and proper.

Respectfully submitted,

Date: September 19, 2011                /s/  Christopher M. Buell
                                        Kathy K. Condo (PA 34910)
                                        Christopher M. Buell (PA 204068)
                                        BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.
                                        Two Gateway Center, Eighth Floor
                                        Pittsburgh, Pennsylvania 15222
                                        (412) 394-5400

                                        James D. Thompson III (*pro hac vice*)
                                        Robert M. Schick (*pro hac vice*)
                                        VINSON & ELKINS L.L.P.
                                        2500 First City Tower
                                        1001 Fannin Street
                                        Houston, Texas  77002-6760
                                        (713) 758-4502

                                        Counsel for Defendant,
                                        Antero Resources Appalachian Corporation,
                                        incorrectly named as Antero Resources a/k/a
                                        Antero Resources Appalachain [sic] Corp a/k/a
                                        Antero Resources Appalacia [sic], LLC

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **Answer and Affirmative Defenses** was, this

19th day of September, 2011, served via the Court's ECF system upon the following:

Anne N. John, Esquire
96 East Main Street
Uniontown, PA 15401
**Counsel for the Plaintiffs**


BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.


 /s/  Christopher M. Buell