IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID DILLON and TARA DILLON, his wife, individually and BRYNN DILLON and BRIELLE DILLON, minors, by their parents, <br><br> Plaintiffs, <br><br> v. <br><br> ANTERO RESOURCES, a/k/a ANTERO RESOURCES APPALACHAIN [sic] CORP, a/k/a ANTERO RESOURCES APPALACIA [sic], LLC, <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : Civil Action No. 2:11-cv-01038 <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

and

| | |
|---|---|
| PAUL BECKA and YVONNE BECKA, his wife, <br><br> Plaintiffs, <br><br> v. <br><br> ANTERO RESOURCES, a/k/a ANTERO RESOURCES APPALACHAIN [sic] CORP, a/k/a ANTERO RESOURCES APPALACIA [sic], LLC, <br><br> Defendant. | : <br> : <br> : <br> : <br> : Civil Action No. 2:11-cv-01040 <br> : <br> : <br> : <br> : <br> : |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is what the Defendant has styled as a "Motion for a Confidentiality Order" regulating certain elements of the discovery process in these consolidated cases. The Plaintiffs in each action have opposed the entry of the proposed order on the basis

1

that the Defendant has not demonstrated the necessary level of "good cause" to support a confidentiality order, relying on the Third Circuit's decision in *Pansy v. Borough of Stroudsburg*, 23 F.3d 2 772 (3d Cir. 1994) and its progeny.[1] For the reasons which follow, the Court will enter a pretrial order that establishes an orderly mechanism for the assertion and disposition of claims of protected content in discovery responses that is tailored to this case, which appropriately minimizes the cost to the parties and involvement of the Court in the discovery process, and which preserves the ability of counsel for each party to zealously represent the interests of their clients.

These cases are brought by two families claiming various harms to their personal and property interests arising from the process of recovery, through the hydraulic fracturing of shale, of natural gas from drilling sites adjacent to their land. Discovery related to the conditions of the land, land and mineral values, valuation techniques, individual medical records, drilling compounds and processes, terms of vendor contracts, and other business and personal information of each of the parties and third parties, is legitimately on the table. While this Motion has been pending, the parties have applied an informal, self-policed confidentiality agreement regarding discovery responses, apparently with success. Defendant seeks to formalize that process in an Order of this Court. Plaintiffs oppose that Motion generally, although the Court finds the bases of that opposition to be a bit hazy.[2] After hearing counsel at argument, and from a review of the papers filed in support and opposition, it appears that the objection to the Order as proposed by the Defendant is that Plaintiffs are fearful of inadvertently running afoul of such an Order, they are concerned that there may be too much "process" involved in complying with it, and/or that Defendant is simply not entitled to such an Order in any event.

---

[1] By order, the Court provided an opportunity for any third party with an allegedly protectable interest to intervene in this matter as to Defendant's Motion.

[2] For instance, while Plaintiffs have generally objected to the entry of an order in the form proposed by Defendant, they properly recognize the appropriateness of such an order as to their own medical records.

2

Based on the representations of counsel for all parties to the Court, in writing and also in numerous court proceedings, it is evident to the Court that there is and will be much discovery content that would legitimately come within the parameters of any reasonable Fed. R. Civ. P. 26(c) protective order. This includes medical information and records of the Plaintiffs and their families, private property appraisals of their property, business methods of the Defendant and certain of its vendors, certain gas recovery processes used by Defendant, and perhaps the terms of otherwise private business arrangements of the Defendant and such vendors. Based on the general description of that information, flowing both ways, the Court finds that there is good cause to conclude that significant portions of that volume of information would upon motion be properly protected by a protective order. The parties do not seem to disagree with that conclusion. The rub seems to be what to do about how all of that is best handled in discovery.

Each party cites to the factors for the entry of a confidentiality order or an information-specific protective order as set forth in *Pansy*, but that precedent is really not directly in play here. In that case, and those that followed it, the court was being asked to enter an *ad hoc* order to keep certain specific information or agreements secret.[3] That line of cases sets forth in detail the factors that a court is to consider in rendering some discrete parcel of information secure from public disclosure.[4]

Here, the type of order that the Defendant seeks is in reality a pretrial case management order that would define a process by which either party could, in the first instance and for good

---

[3] In *Pansy*, at issue was a confidentiality order blocking public access to a settlement agreement between a municipality and its former police chief. 23 F.3d at 776.

[4] What have become known as the "*Pansy* factors" set forth broadly the considerations that a court is to balance in issuing either a protective order or confidentiality order as to specific information at any stage of the litigation process. 23 F.3d at 787-0788. The *Pansy* court also specifically recognized the propriety of a broad initial order which reposes with the parties, in the first instance, the duty and opportunity to resolve between them issues of confidentiality with the court then resolving any points of disagreement. 23 F.3d at 787, n.17. As noted above, the Court finds that each party has advanced the necessary threshold measure of "good cause" (Plaintiffs' medical records and diagnoses and Defendant's drilling methods/process, for example) to support this Order, which is in the form expressly authorized by footnote 17 in *Pansy*.

cause, designate information to be produced as confidential, and by its terms, sets forth how the parties could use information so designated. The big difference between the order sought by the Defendant, and those reviewed in a typical *Pansy* situation, is that rather than a conclusive court-ordered confidentiality designation as to one or more specific items, here the requesting party may first advise the producing party of its disagreement with such designation.[5] There is then a prompt "meet and confer" process involving counsel to resolve the matter, and then, if the parties do not agree (either as to such designation *vel non*, or as to the scope of permitted disclosure), the designating party must seek a protective order of this Court specific to the materials in question.[6] In essence, the type of order Defendant seeks includes the necessary "judicial safety valve" to permit the Court to be the agency charged with making the confidentiality designation in the event the parties are unable to reach agreement to do so.

The Court finds that the general process proposed by the Defendant to be in keeping with the mandate of Fed. R. Civ. P. 1 that each action be handled in a way so as to accomplish its "just, speedy, and inexpensive" disposition. It fosters the "meet and confer" process for resolution of discovery matters between counsel that Fed. R. Civ. P. 37(a)(1) contemplates, and is entirely consistent with the *Pansy* doctrine, in that it places the final burden of demonstrating the need for confidentiality on the party asserting it, and thereby reserves to this Court the ultimate decision as to whether any specific information as to which there is a dispute is to be treated as confidential in whole or in part, allowing this Court to apply the relevant legal factors in making such judgments. Further, the Order the Court enters today will not impair the ability of any counsel to zealously represent the interests of their client, as it preserves their ability, in the first instance, to jointly designate by stipulation certain discovery material as confidential and

---

[5] In essence, proposing a stipulation as to confidentiality for good cause shown.

[6] Per *Pansy*, the party seeking confidentiality as to a particular document or matter bears the burden of demonstrating the need and basis for it. 23 F.3d at 787, n.17.

for use only in this litigation, yet allows each party to call upon the Court to resolve disputes as to any such matter for which there is not concurrence of the parties.

Based on this Court's experience with the pretrial process in this case, and the manner in which able counsel for each party have seemingly worked cooperatively with one another while vigorously representing the interests of their clients, the Court is confident that, on most matters, the parties will be in agreement as to the designation of discovery materials, or the use of provided designated material. In those areas where that cannot be accomplished, the Order that the Court enters today will provide for the swift and efficient disposition of such questions in the context of a specific dispute.

Should experience demonstrate that there is an unreasonable volume or frequency of requests for judicial intervention into a process which under our civil rules is principally left in the hands of counsel, then the Court has advised the parties that it would appoint a special master for the resolution of discovery disputes at the joint expense of the parties. While the Court disfavors that approach because of its inherently increased costs to the parties, it is an avenue available to the Court should it become necessary to resolve numerous or complex disputes filed on a repetitive basis.

An appropriate order will issue.

Mark R. Hornak
United States District Judge

Dated: July 10, 2012

cc:   All Counsel of Record